Neel, J.
This matter comes before the Court on Plaintiffs Motion to Dismiss an Attorney’s Lien filed by Edward J. Collins, who is not a party to the instant action. The lien filed by Collins on September 2, 1997 relates to two civil actions in which he and the plaintiff, Patricia Lambert, previously appeared as counsel.[1] The instant action was brought by Lambert to recover attorneys fees for the two underlying cases and is reported to have been settled. Lambert has moved to dismiss Collins’ lien for failure to comply with the procedural requirements of G.L.c. 221, §50.
It is not disputed by the parties that Collins played some part in the representation of the defendants in the underlying cases, Leonard and Elizabeth Caporale. However, Collins’ attempt to enforce an attorneys lien in the instant action is not the proper vehicle for the recovery of his attorneys fees in the underlying actions. G.L.c. 221, §50 provides that “[f]rom the authorized commencement of. . . [a] proceeding in any court. .. the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client’s cause of action... and upon the proceeds derived therefrom." *524 (Emphasis added.) By filing a lien in this action, Collins is attempting to assert a lien against his former co-counsel’s settlement of an action for fees, a proceeding not authorized by the statute.
Collins has also filed notices of lien in the two underlying cases.[2] Whatever the outcome of those pending claims, which have not been heard, the proper procedural method for pursuing his claim in the instant action would have been a motion to intervene. From the evidence presented, it appears that he “claims an interest relating to the property or transaction which is the subject of the action and . . . the disposition of the action may as a practical matter impair or impede his ability to protect that interest.” Mass.R.Civ.P. 24(a). Collins could also have pursued a separate civil action against Lambert in an attempt to recover the portion of the fees that represented work performed by him. A petition to enforce an attorneys lien in the instant case, however, is not the proper vehicle with which to pursue his claim.
ORDER
For the reasons stated above, the Plaintiffs Motion to Dismiss Attorney’s Lien is ALLOWED.

 First New Hampshire Mortgage Corporation v. Caporale, Civil Action No. 90-01680 and First New Hampshire Mortgage Corporation v. Caporale, Civil Action No. 90-02818.

 Collins filed Notices of Attorney’s Lien in the underlying cases on September 2, 1997. Both cases were settled on May 10, 1993, more than four years earlier.